UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KILLIAN WHITE, | CASE NO. 2:24-cv-00618-JHC |
| Plaintiff, | ORDER |
| v. | |
| KING COUNTY SHERIFF'S OFFICE, TYLER HUNT, JEFFERY PETRENCHAK, ENRICO DONAGLIA, STEVEN MINTERS, MITZI JOHANKNECHT, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's "Ex Parte Motion for Court-Appointed Counsel, for Service via the US Marshals, and for Clarification." Dkt. # 20. The Court has reviewed the motions, the rest of the case file, and the governing law. For the reasons discussed below, the Court DENIES the request for counsel and DENIES without prejudice the request for service via the United States Marshals Service. In response to Plaintiff's request for clarification, the Court sets September 3, 2024, as the deadline for service of process on Defendants.

/

/

ORDER - 1

**1. Request for Court-Appointed Counsel.**

Plaintiff, proceeding pro se, brings this civil rights action. "In proceedings *in forma pauperis*, the district court 'may request an attorney to represent any person unable to afford counsel.'" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting 28 U.S.C. § 1915(e)(1)). Plaintiff is not proceeding *in forma pauperis* (IFP). But assuming Plaintiff were indigent, the Court would still deny the motion for assignment of counsel.

As for indigent civil litigants, deciding whether to appoint such counsel is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate their claims pro se given the complexity of the legal issues involved. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff has not shown any exceptional circumstances for the appointment of counsel. The motion does not show any likelihood of success on the merits. Rather, it merely states in conclusory fashion that Plaintiff's case has merit. Nor does the case seem so complex that Plaintiff cannot articulate his claims.

**2. Request for Service via United States Marshals Service.**

Under Federal Rule of Civil Procedure 4(c)(3), "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). But the court does not have to do so unless the plaintiff is "authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." *Id.* Plaintiff is not proceeding IFP or as a seaman. The Court therefore is not required to order service.

ORDER - 2

When, as here, a plaintiff has paid the filing fee, Federal Rule of Civil Procedure 4(c)(3) "vests the Court with discretion to order service." *Chan v. Ryan*, No. 22-CV-01796-LK, 2023 WL 197429, at *3 (W.D. Wash. Jan. 17, 2023). "This discretion is exercised only in limited circumstances, such as when a law enforcement presence appears necessary or advisable to keep the peace or when a hostile defendant threatens injury to the process server." *Id.* (quotation marks and citation omitted). Mindful that Rule 4 was amended mainly to relieve the marshals from having to effect service in private actions, courts often require a showing that a non-IFP plaintiff attempted some form of proper service. *Bax v. Executive Off. for U.S. Attorneys*, 216 F.R.D. 4 (D.C. Col. 2003); *Oliver v. City of Oceanside*, No. 16-CV-00565-BAS(JLB), 2016 WL 8730533, at *1 (S.D. Cal. July 1, 2016). Plaintiffs seeking court-ordered service should set forth what steps they have already taken to accomplish service and explain why a court order is necessary. Here, Plaintiff has not done so.

### 3. Conclusion.

Thus, the Court DENIES the request for counsel and DENIES without prejudice the request for service via the United States Marshals Service. And the Court sets September 3, 2024, as Plaintiff's deadline for service of process on Defendants.

Dated this 14th day of June, 2024.

John H. Chun
United States District Judge

ORDER - 3