UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KILLIAN WHITE, | CASE NO. 2:24-cv-00618-JHC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CLARIFICATION |
| v. | |
| KING COUNTY SHERIFF'S OFFICE et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Motion for Clarification Regarding this Court's Show Cause Order and Leave to Serve Defendants. Dkt. # 71. Plaintiff asks the Court "for leave to re-serve the Defendants by RCW 4.28.080(1) and K.C.C. 2.04.010(B) or by alternative means if the court deems it proper." *Id.* at 4. Defendants do not oppose this motion for clarification but have moved to dismiss asserting that Plaintiff failed to properly effectuate service. Dkt. # 68 at 4–5. For the reasons below, the Court GRANTS in part and DENIES in part Plaintiff's motion.

The Court ordered Plaintiff to show cause whether he properly served King County and its officers in their individual capacities and, if not, whether he had good cause for failure to do so. Dkt. # 41 at 3. In his response to the show cause order, Plaintiff acknowledges "lack of

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR CLARIFICATION
- 1

personal service on the named Defendants" and says, "the court may either dismiss their individual capacities or allow the Plaintiffs to attempt to serve them in their individual capacities in the above requested seven-day window." Dkt. # 42 at 4.

Thus, the Court DISMISSES officers Tyler Hunt, Jeffrey Petrenchak, Enrico Donaglia, Steven Minters, and Mitzi Johanknecht (King County officer Defendants) in their individual capacities without prejudice.

As for service on King County and its officers in their official capacities, the parties agree that service can be made under King County Code 2.04.010, which provides:

> A.  For the purpose of service of summons on King County under provisions of RCW 4.28.080, the person to be served is the manager of the records and licensing services division.
>
> B.  The manager of the records and licensing division shall accept service by:
>
>   1.  Email to kcserviceofsummons@kingcounty.gov; or
>
>   2.  In person Monday through Friday from 8:30 a.m. to 4:30 p.m. at the King County Customer Service Center, 201 South Jackson Street, Room 202, Seattle, Washington, 98104.

Dkt. ## 42 at 3; 68 at 5.

Plaintiff acknowledges that he has not served King County by email or through personal delivery at the above address. Dkt. # 42 at 2–3. But he contends that he has good cause because his process server had properly served King County by email for his parents who are the plaintiffs in a separate case arising out of similar facts.[1] Dkt. # 78 at 14–15 (citing *White v. King County Sheriff's Off.*, 2:23-cv-01761-JHC, at Dkt. # 22-1 (W.D. Wash. Feb. 1, 2024)); *see also* Dkt. # 42 at 2–3. Plaintiff says that he properly relied on his process server and was unaware of

---

[1] Plaintiff also contends that the King County Sheriff's Office may be able to accept its own service. Dkt. # 42 at 3. Because Plaintiff cites no authority for this proposition, the Court declines to consider it.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR CLARIFICATION
- 2

exactly where his process server effectuated service until the server provided his declaration on October 9, 2024. Dkt. # 42 at 2–3. Plaintiff also says that because "[t]he statute of limitations for filing has already been passed," he will be unable to seek redress if his action is dismissed without prejudice. *Id.* at 4. Plaintiff repeats both contentions in the present motion. Dkt. # 71.

Even if Plaintiff has not shown good cause for failure to properly serve Defendants, the Court concludes that a limited extension is warranted. *See Sauve v. City of Snoqualmie*, 2025 WL 692131, at *1 (W.D. Wash. Mar. 3, 2025) ("[E]ven absent a showing of good cause, a district court may utilize its 'broad' discretion to extend the time for service under Rule 4(m).") (quoting *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001)). "In making extension decisions under Rule 4(m) a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Cooper v. Whatcom Cnty.*, 2021 WL 243399, at *3 (W.D. Wash. Jan. 25, 2021) (quoting *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quotation marks and citation omitted)). To be sure, Plaintiff has received a significant extension to serve Defendants.[2] But Defendants do not challenge Plaintiff's assertion that if his action is dismissed, he will be unable to pursue relief due to the statute of limitations for his claim under 42 U.S.C. § 1983.[3] "There is a strong public policy in favor of resolving

---

[2] Plaintiff filed this lawsuit on February 6, 2024 in the United States District Court for the District of Arizona. Dkt. # 13. This case was transferred to this district on May 2, 2024, *id.*, and, following internal transfers between courts in this district, was assigned to this Court on May 20, 2024. Dkt. # 19. Plaintiff moved for service by the United States Marshals Service and for clarification, asking this Court whether service is to be effectuated 90 days after May 2, 2024 or May 20, 2024. Dkt. # 20 at 2–3. The Court denied Plaintiff's request for service by the United States Marshals Service and set September 3, 2024 as the deadline for service of process. Dkt. # 21. On September 26, 2024, Plaintiff moved for entry of default against Defendants, who had failed to appear. Dkt. # 38. On October 3, 2024, the Court denied Plaintiff's motion for default and ordered him to show cause whether he had properly served Defendants. Dkt. # 41.

[3] Defendants do not oppose the present motion. *See* LCR 7(b)(2) (failure to oppose a motion "may be considered by the court as an admission that the motion has merit"). Nor did Defendants challenge this assertion in their motion to dismiss, *see* Dkt. # 68 at 4–5, or in their brief opposing

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR CLARIFICATION
- 3

cases on the merits" and this consideration carries "greater weight in § 1983 cases." *Cooper*, 2021 WL 243399, at *3 (quoting *Efraw*, 473 F.3d at 1042 (Fletcher, J., dissenting)). Defendants also received actual notice of this case on October 18, 2024, when this Court ordered the parties to submit briefing addressing whether the Court should consolidate this case with another, similar case. Dkt. # 45; *White v. King County Sheriff's Off.*, 2:23-cv-01761-JHC, at Dkt. # 62 (W.D. Wash. Oct. 25, 2024). This was only 15 days after the Court ordered Plaintiff to show cause as to why this case should not be dismissed for failure to properly effectuate service. Dkt. # 41. And Defendants have been properly served in another case involving similar facts, *White v. King County Sheriff's Off.*, 2:23-cv-01761-JHC, at Dkt. # 22-1 (W.D. Wash. Feb. 1, 2024), since December 2023. Thus, Defendants would not be unduly prejudiced by a limited extension.

The Court GRANTS Plaintiff leave until April 9, 2024 to serve King County and its officers in their official capacities. If Plaintiff fails to timely serve Defendants with process, the Court will dismiss this case without prejudice.

Dated this 2nd day of April, 2025.

John H. Chun
United States District Judge

---

consolidation of this case and another, related case, *White v. King County Sheriff's Off.*, 2:23-cv-01761-JHC, at Dkt. # 62 (W.D. Wash. Oct. 25, 2024).

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR CLARIFICATION
- 4